UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED MUSA ATIFFI,<br><br>       Plaintiff,<br><br>   v.<br><br>HILARY RODHAM CLINTON, et al.,<br><br>       Defendants. | No.  CIV. S-12-3001 LKK/DAD<br><br><br><br>**ORDER** |

The Government has filed an application pursuant to Fed. R. Civ. P. 60(a), for relief from the court's order of November 6, 2013 (ECF No. 29), solely to make three general "corrections" in that order.[1]  See ECF No. 31.  The parties, having now settled the case, have also submitted a stipulation to dismiss the case without prejudice.

    **1.   The Application for Reconsideration.**

First, the Government asks the court to correct its

---

[1] Because the application will be granted only in part, to correct a plain error, the court finds that no response from plaintiff is necessary.

1

reference to a "USCIS letter." The Government correctly points out that the November 8, 2012 letter to Ms. Atiffi is from the consular office, not the United States Citizenship and Immigration Services ("USCIS"). Accordingly, the references in the order to "USCIS letter" (ECF No. 29 at 4 lines 9 & 10, and at 5 line 7), are hereby **AMENDED** to read "letter from the consular office."

Second, The Government objects to the court's reference to a consular official's ability to grant "immediate relative status," asserting that consular officials cannot grant such status. The Government further asserts that the court cited only 22 C.F.R. § 42.21, and misinterpreted the applicable regulations, for the proposition that consular officials could grant such status. In fact, however, the court cited 22 C.F.R. § 42.41 for that proposition, and quoted it in the accompanying footnote, No. 6. The regulation reads:

> <u>Consular officers are authorized to grant to an alien the immediate relative … status</u> accorded in a petition approved in the alien's behalf upon receipt of the approved petition or official notification of its approval.

22 C.F.R. § 42.41 (emphasis added). The Government's application does not mention this regulation, nor that the court cited, quoted and relied upon it. Accordingly the Government's request to "correct" the order in this respect is not well-taken and is hereby **DENIED**.

Third, the Government requests that the court delete Footnote 18 of the order, asserting that the footnote "suggested" that the petition could be returned to the State Department

2

"without the participation of Plaintiff."  ECF No. 31 at 2.  The government misreads the footnote.  It does not suggest that plaintiff would have <u>no</u> participation in the process, only that he is prevented from "participating meaningfully," if the Government fails to provide a specific reason for the denial of a visa.  The Government's request to amend the order in this respect is accordingly **DENIED**.

    **2.  Dismissal.**

Pursuant to the Stipulation of the parties (ECF No. 30), the matter is **DISMISSED** without prejudice.

IT IS SO ORDERED.

DATED:  December 10, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3